PER CURIAM.
The state appeals an order granting defendant David Adams’ motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We reverse and remand.
Defendant was charged by information with aggravated assault. He filed a motion to dismiss. In his motion, he alleged that the officers were attempting to execute an invalid search warrant when the alleged aggravated assault on the officers occurred. The state traversed the above allegation.
After a hearing, the motion to dismiss was granted, apparently based on the invalidity of the search warrant.
Even assuming that the search warrant were invalid, we think the trial court erred in granting defendant’s motion to dismiss. The validity or invalidity of the search warrant had no relevance to the crime charged, The crime occurred while the police officers were attempting to execute a search warrant. If the warrant were indeed invalid, only evidence secured under the authority of the warrant would be suppressed. The position advanced by appellee, taken to its logical extreme, would support dismissal of a homicide charge if an officer had been killed attempting to execute a search warrant, based on the fact that the search warrant was deficient.
Under the facts of this case, the aggravated assault charge cannot be determined on a motion to dismiss under rule 3.190(c)(4).
Accordingly, the order below dismissing the information against defendant is hereby reversed and this cause is remanded to the trial court for proceedings consistent with this opinion.
HOBSON, A.C.J., and GRIMES and SCHOONOVER, JJ., concur.